UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. MAXEY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THE OFFICE OF PRESIDENT BARACK OBAMA, et al.,<br><br>　　　　　　Defendants. | No. 2:15-cv-552-JAM-EFB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1]  His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.  Accordingly, the request is granted.  28 U.S.C. § 1915(a).

　　　　Determining plaintiff's *in forma pauperis* status does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  As explained below, plaintiff's first amended complaint[2] must be dismissed for failure to state a claim.

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

[2] Plaintiff amended his complaint as a matter of course seven days after initiating this action. ECF No. 3; *see* Fed. R. Civ. P. 15(a)(1).

1

Also pending is a motion by the United States to declare plaintiff a vexatious litigant.[3] ECF No. 4. For the reasons state below, that motion is moot.

I.      Screening Requirement and Standards

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction

---

[3] The court determined that oral argument would not materially assist the court and hearing on that motion was vacated. ECF No. 10; *see* E.D. Cal. L.R. 230(g).

requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

II.     Screening Order

The court has reviewed plaintiff's complaint pursuant to § 1915(e) and finds that it must be dismissed as frivolous. The first amended complaint is delusional. It names as defendants President Obama; former presidents George W. Bush, Bill Clinton, George H.W. Bush, and James Carter; California Governor Edmund Brown; Hillary Clinton; California Attorney General Kamala Harris; the Federal Bureau of Investigation; The United States Department of Justice; the National Security Agency; the United States Air Force; the United States Secret Service, Kaiser Foundation Hospital; Ramona Williams; Ronald Williams; Timothy Cucich; Robert W. Maxey; and Robert M. Maxey. ECF No. 3. The amended complaint alleges that since January 1978, plaintiff "has been subjected to physical assault, torture, electronic shock treatment, remote-delivered radiation and electronic signals laser beamed into the his [sic] residence." ECF No. 3 at 2. He claims that in July 1969, "the United States Air Force inserted 'satellite microchip technology' into [his] brain and body." *Id.* at 4. He claims that this implantation was approved by the Air Force, the Office of President Richard Nixon, and his father, Robert W. Maxey. *Id.*

He further claims that in 2013 the United States Secret Service confirmed the existence of the implanted microchip and "conspired with Robert M. Maxey (estranged brother) to intimidate, threaten and coerce the Plaintiff into authorizing the release of his confidential medical files." *Id.* at 5. He also alleges that President Barack Obama, California Governor Edmund Brown, and

former United States presidents and California governors have engaged in various illegal actives, including torture and attempted murder, in an effort to conceal "public disclosure of billions of dollars illegally derived from 'satellite microchip implant technology'" implanted in plaintiff's brain. *Id*. at 3. He claims that such conduct violated his constitutionally protected rights. *Id*. at 6.

Plaintiff's allegations are plainly frivolous because they lack even "an arguable basis either in law or in fact," and appear "fanciful," "fantastic," or "delusional." *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989). Therefore, this action must be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

III.    Vexatious Litigant Motion

The United States requests an order declaring plaintiff a vexatious litigant. ECF No. 4. However, plaintiff has since been declared a vexatious litigant in another case before this court and is now subject to a prefiling order. *See Maxey v. Johnson*, No. 2:15-cv-1656 JAM-EFB, ECF No. 7. Accordingly, the government's motion filed in this action (ECF No. 4) is now moot.

IV.    Conclusion

Accordingly, it is RECOMMENDED that:

1. Plaintiff's first amended complaint (ECF No. 3) be dismissed without leave to amend;

2. The United States of America's motion to declare plaintiff a vexatious litigant (ECF No. 4) be denied as moot; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 22, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE